UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEVIN BARRIOS and MEGAN BARRIOS** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO.  17-585** |
| **CENTAUR, L.L.C., CIRCLE, L.L.C.** | * | **SECTION:** |
| **and UNITED BULK TERMINALS** | | |
| **DAVANT, L.L.C.** | * | **MAG.:** |

**COMPLAINT OF DAMAGES**

NOW INTO COURT, through undersigned counsel come plaintiffs Devin Barrios and Megan Barrios, husband and wife and persons of the full age of majority domiciled in the Parish of Lafourche, State of Louisiana, who respectfully represent as follows:

I.

Made defendants herein are:

CENTAUR, L.L.C., a domestic corporation organized and doing business in the State of Louisiana, with its principal place of business in the Parish of Plaquemines, State of Louisiana;

CIRCLE, L.L.C., a domestic corporation organized and doing business in the State of Louisiana, with its principal place of business in the Parish of Plaquemines, State of Louisiana; and

1

UNITED BULK TERMINALS DAVANT, LLC., a domestic corporation organized and doing business in the State of Louisiana, with its principal place of business in the Parish of Plaquemines, State of Louisiana.

II.

Plaintiff brings this claim in admiralty and maritime jurisdiction pursuant to 28 U.S.C 1333, the General Maritime Law and the Jones Act now codified at 46 U.S.C 30104. Alternatively, this claim is brought under the general maritime law and 33 USC 905(b).

III.

Venue is proper in this matter pursuant to the admiralty and maritime laws of the United States Rule 82 FRCP.

IV.

On January 25, 2016, plaintiff, Devin Barrios, was employed by defendant, Centaur, L.L.C., as a Jones Act Seaman assigned to work upon a lay barge owned by defendant, Circle, L.L.C., located in the navigable waters of the United States of America. Plaintiff was transported to the barge by a crew boat owned by defendant, United Bulk Terminals Davant, L.L.C.

V.

On January 25, 2016, upon arrival to the Circle, L.L.C. barge, plaintiff and his co-worker were required to offload tools and equipment, including a generator weighing upwards of 100 pounds, from the crew boat onto the barge. The equipment had to be transported from the crew boat to the barge manually. While the plaintiff and crew made the transfer of tools and equipment, the operator of the crew boat left the helm to assist with the transfer of generator onto

2

the barge. The river current caused the crew boat to separate from the barge causing plaintiff to fall into the river, followed by the generator, with the generator falling onto plaintiff's head causing the injuries sued upon herein.

VI.

The accident described herein was caused through no negligence on the part of Devin Barrios but was caused solely by defendants, in the following non exclusive particulars:

a. Careless and negligent operation of a barge and/or vessel;

b. Falling to provide a safe working environment;

c. Negligence of the crew members;

d. Failure to adequately supply crewmembers;

e. Failing to properly train the captain and/or the crew;

f. Failing to provide a seaworthy vessel and/or barge;

g. Failing to provide proper equipment;

h. Failing to provide safe ingress and egress;

i. Maintaining the vessel in a reckless and irresponsible manner endangering the safety of the crew;

j. Failing to properly tie off and/or secure the vessel during disembarking;

k. Any and all other negligent acts or omissions that be shown at the time of trial of this matter or as may be developed by discovery.

VII.

Plaintiff, Devin Barrios, has suffered physical pain, disability and mental anguish and will continue to suffer same for the balance of his natural life.  Additionally, plaintiff has incurred necessary medical expenses in the past and will continue to incur medical expenses in the future for the treatment of the injuries sustained.  As a result of the injuries sustained by plaintiff, he has lost wages and will continue to lose wages and/or experience a loss of wage earning capacity in the future.

VIII.

Plaintiff, Megan Barrios, has sustained and will continue to sustain a loss of consortium, services and society due to the injuries sustained by her husband, Devin Barrios, and brings this claim pursuant to 33 U.S.C 905(b).

WHEREFORE, the premises considered, plaintiffs, Devin Barrios and, pray that defendants, Centaur, L.L.C., Circle, L.L.C. and United Bulk Terminals Davant, L.L.C., be duly cited and served with a copy of this complaint and, after all legal proceedings are had, that there be judgment in favor of plaintiffs, Devin Barrios and, Megan Barrios and against defendants, Centaur, L.L.C., Circle, L.L.C. and United Bulk Terminals Davant, L.L.C., for damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, for all costs of these proceedings, and for all such other and further relief at law and in equity to which plaintiffs may be justly entitled.

**Respectfully submitted by:**

**/s/  Joseph L. Waitz, III**
**MARY W. RIVIERE (#19201)**
**HUNT DOWNER (#05046)**
**DAVID C. PELLEGRIN, JR. (#34957)**
**JOSEPH L. WAITZ, III (#36069)**
**WAITZ & DOWNER**
**423 Goode St.**
**Houma, Louisiana  70360**
**Telephone:  (985) 876-0870**
**Fax:            (985) 876-0213**
**COUNSEL FOR PLAINTIFFS,**
**DEVIN BARRIOS and MEGAN BARRIOS**

**PLEASE SERVE:**

**CENTAUR, L.L.C.**
**through its agent for service of process:**
**Michael Guarisco**
**c/o Guarisco & Cordes, L.L.C.**
**301 St. Charles Ave., Suite 250**
**New Orleans, Louisiana  70130**

**CIRCLE, L.L.C.**
**through its agent for service of process:**
**M. J. Wolfe, Jr.**
**1204-A Engineers Rd.**
**Belle Chasse, Louisiana  70037**

**UNITED BULK TERMINALS DAVANT, L.L.C.**
**through its agent for service of process:**
**Corporate Creations Network, Inc.**
**1070-B West Causeway Approach**
**Mandeville, Louisiana  70471**